NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUIS EDUARDO FLORES-BUEROSTRO, AKA Luis Eduardo Flores, AKA Luis Eduardo Flores-Buenrostro, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   18-71269 <br><br> Agency No. A200-242-974 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Luis Eduardo Flores-Buerostro, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law, including whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Flores-Buerostro did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (proposed social group lacked social distinction because the record failed to establish its members are perceived or recognized as a group by the society in question). To the extent Flores-Buerostro raises a new proposed particular social group in his opening brief, we lack jurisdiction to consider it because he failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th

Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the agency's determination that Flores-Buerostro failed to establish that he was or will be persecuted on account of an actual or imputed political opinion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to political opinion, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion"); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (resistance to a gang's recruitment efforts alone does not constitute political opinion) *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Flores-Buerostro's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Flores-Buerostro failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Flores-Buerostro claims the BIA violated his due process rights, his contention fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**